# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**ABBIJIAL LAMONT SLOAN,**

    Petitioner,

v.

**STEVEN JOHNSON,**

    Respondent.

Civil Action No. 17-6457 (SDW)

**MEMORANDUM OPINION**

IT APPEARING THAT:

1. On or about August 28, 2017, *pro se* Petitioner Abbijial Lamont Sloan, filed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court murder conviction in this matter. (ECF No. 1). In that initial filing, Petitioner neither paid the five dollar filing fee nor used the form required for *pro se* § 2254 petitions pursuant to the local rules.

2. Following several orders directing him to properly refile his petition, Petitioner eventually both paid the applicable filing fee and refiled his petition on the correct form (*see* ECF No. 10), and has certified that he is aware that he is required to present all of his claims in one, all-inclusive habeas petition and has therefore received the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

3. On February 26, 2018, this Court screened Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and directed Petitioner to show cause why his petition should not be dismissed as untimely filed. (ECF No. 11).

4. On April 2, 2018, Petitioner filed a response to that order, in which he argues that he does not believe that his petition is time barred. (ECF No. 12).

5. As this Court explained in the order directing Petitioner to show cause,

Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *See See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most instances, including this matter, that one year limitations period begins to run on the date that the petitioner's judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review, including the 90-day period for filing a petition for a writ of certiorari in the United States Supreme Court. *Ross*, 712 F.3d at 798; *Jenkins*, 705 F.3d 84; *see also* 28 U.S.C. § 2244(d)(1)(A).

In this matter, Petitioner was convicted and sentenced in January 2011. (ECF No. 10 at 1). He appealed his sentence, and the Superior Court of New Jersey – Appellate Division affirmed his conviction and sentence by way of an opinion issued on December 12, 2012. *See State v. Sloan*, 2012 WL 6571097 (N.J. Sup. Ct. App. Div. Dec. 12, 2012). Petitioner then filed a petition for certification, which the New Jersey Supreme Court denied on June 28, 2013. *See State v. Sloan*, 214 N.J. 118 (2013). As Petitioner did not file a petition for certiorari,[] his conviction thus became final ninety days later on September 26, 2013. Petitioner's one year limitations period thus started to run as of that date, and ordinarily would have expired one year later on September 26, 2014.

The one year statute of limitations applicable to § 2254 petitions, however, is subject to statutory tolling which automatically arrests the running of the limitations while the petitioner has a properly filed petition for post-conviction relief (PCR) pending in the state courts. *Jenkins*, 705 F.3d at 85 (quoting 28 U.S.C. § 22254(d)(2)). According to Petitioner, he filed his PCR petition on December 4, 2013, after only sixty-nine days of his one year limitations period had elapsed. (ECF No. 10 at 4). That petition was denied by the trial-level PCR court on June 20, 2014. (*Id.* at 13). Petitioner appealed, and the Appellate Division affirmed the denial of his PCR petition on April 15, 2016. *See State v. Sloan*, 2016 WL 1466606 (N.J. Sup. Ct. App. Div. Apr. 15, 2016). Petitioner did not file a petition for certification as to his PCR petition. Petitioner's PCR petition thus ceased to be pending before the state courts, at the latest, when he failed to file a petition for certification within twenty days of the Appellate Divisions' decision. *See* N.J. Court R. 2:12-3 (requiring that an appellant seeking review of a final decision of the Appellate Division file notice of petition for certification within twenty days). Thus, the remaining two hundred and ninety six days of Petitioner's one year limitations period resumed running by May 5, 2016, and Petitioner's

> limitation period had thus expired as of February 25, 2017. Because Petitioner did not file his current habeas petition until August 28, 2017 (*see* ECF No. 1), more than six months later, his current habeas petition would be time barred absent some basis for the equitable tolling of the statute of limitations.[]
>
> Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

(ECF No. 11 at 1-4, paragraph numbers omitted).

6. In his response to this Court's order, Petitioner argues that he has limited knowledge of the law, that he has had to rely on twenty inmates for help in preparing his petition, that he did file appeals to the Appellate Division, that he does not believe that he should be time barred, and he believes he should receive equitable and statutory tolling. (ECF No. 12 at 1-7). It also appears that Petitioner believes that the reason the Court found his petition time barred on its face is because of his failure to file on the proper form, and that had the Court accepted his original filing in August of 2017, he would be timely.

7. Petitioner is mistaken. This Court gave him the benefit of the date on which he filed his original petition in this matter in finding his petition time barred. As explained above, absent equitable tolling, his one year limitations period expired in February 2017, six months before he filed his first petition. This Court did not find his petition time barred based on his inability to initially properly file his petition, but instead found that it was time barred long before that first attempt was filed. Likewise, this Court acknowledged that Petitioner appealed to the Appellate Division both on direct review and during his PCR process, what the Court concluded that

Petitioner failed to do was petition the New Jersey Supreme Court for certification on PCR review, which he does not now deny. Petitioner to show that the procedural history laid out above is incorrect, and thus has failed to show that his petition is not time barred on its face. This Court has already given him the benefit of the date of his original filing, and all of the statutory tolling to which he is entitled in light of his failure to file a petition for certification, and his petition is still time barred by six months absent equitable tolling.

8. Turning to equitable tolling, Petitioner has failed to establish any basis for equitable tolling. Although Petitioner asserts that he believes he is entitled to tolling, and quotes at length various legal authority for when equitable tolling applies, Petitioner provides no valid basis for tolling. Instead, he merely asserts his lack of legal knowledge, his misunderstanding of the calculation of the one year limitation period, and his need for the help of numerous other inmates as a basis for tolling. None of these is sufficient to qualify as an extraordinary circumstance which would warrant tolling. *See United States v. Johnson*, 544 U.S. 295, 311 (2005); *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002); *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). Petitioner does not state how any of these factors made a timely filing impossible, nor does he list any of the actions he took to ensure the filing of his habeas petition was performed in a timely manner. He has thus also failed to show that he has been diligently pursuing his rights, and thus could not show an entitlement to tolling even had he presented an extraordinary circumstance sufficient to warrant tolling. *Pabon*, 654 F.3d at 399. Petitioner has thus failed to present any valid basis for equitable tolling, and his petition is thus clearly time barred by several months, and must be dismissed with prejudice as a result.

9. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court dismisses the petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court erred in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred . . . or that the petition should be allowed to proceed further." *Id.* For the reasons expressed above, Petitioner's habeas petition is clearly time barred and Petitioner has failed to show that he is entitled to equitable tolling. As such, jurists of reason could not debate that this Court was correct in dismissing the petition as time barred, and Petitioner's habeas petition does not warrant encouragement to proceed further. Petitioner is therefore denied a certificate of appealability.

10. In conclusion, Petitioner's petition for a writ of habeas corpus (ECF No. 10) is DISMISSED WITH PREJUDICE as time barred, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: April 23, 2018

*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge