**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ABBIJIAL LAMONT SLOAN,** | Civil Action No. 17-6457 (SDW) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| **STEVEN JOHNSON,** | |
| Respondent. | |

IT APPEARING THAT:

1. On or about August 28, 2017, *pro se* Petitioner Abbijial Lamont Sloan, filed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court murder conviction in this matter. (ECF No. 1). In that initial filing, Petitioner neither paid the five dollar filing fee nor used the form required for *pro se* § 2254 petitions pursuant to the local rules.

2. Following several orders directing him to properly refile his petition, Petitioner eventually both paid the applicable filing fee and refiled his petition on the correct form (*see* ECF No. 10), and has certified that he is aware that he is required to present all of his claims in one, all-inclusive habeas petition and has therefore received the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

3. On February 26, 2018, this Court screened Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and directed Petitioner to show cause why his petition should not be dismissed as untimely filed. (ECF No. 11).

4. On April 2, 2018, Petitioner filed a response to that order, in which he argues that he does not believe that his petition is time barred. (ECF No. 12).

5. As this Court explained in the order directing Petitioner to show cause,

Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *See See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most instances, including this matter, that one year limitations period begins to run on the date that the petitioner's judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review, including the 90-day period for filing a petition for a writ of certiorari in the United States Supreme Court. *Ross*, 712 F.3d at 798; *Jenkins*, 705 F.3d 84; *see also* 28 U.S.C. § 2244(d)(1)(A).

In this matter, Petitioner was convicted and sentenced in January 2011. (ECF No. 10 at 1). He appealed his sentence, and the Superior Court of New Jersey – Appellate Division affirmed his conviction and sentence by way of an opinion issued on December 12, 2012. *See State v. Sloan*, 2012 WL 6571097 (N.J. Sup. Ct. App. Div. Dec. 12, 2012). Petitioner then filed a petition for certification, which the New Jersey Supreme Court denied on June 28, 2013. *See State v. Sloan*, 214 N.J. 118 (2013). As Petitioner did not file a petition for certiorari,[] his conviction thus became final ninety days later on September 26, 2013. Petitioner's one year limitations period thus started to run as of that date, and ordinarily would have expired one year later on September 26, 2014.

The one year statute of limitations applicable to § 2254 petitions, however, is subject to statutory tolling which automatically arrests the running of the limitations while the petitioner has a properly filed petition for post-conviction relief (PCR) pending in the state courts. *Jenkins*, 705 F.3d at 85 (quoting 28 U.S.C. § 22254(d)(2)). According to Petitioner, he filed his PCR petition on December 4, 2013, after only sixty-nine days of his one year limitations period had elapsed. (ECF No. 10 at 4). That petition was denied by the trial-level PCR court on June 20, 2014. (*Id.* at 13). Petitioner appealed, and the Appellate Division affirmed the denial of his PCR petition on April 15, 2016. *See State v. Sloan*, 2016 WL 1466606 (N.J. Sup. Ct. App. Div. Apr. 15, 2016). Petitioner did not file a petition for certification as to his PCR petition. Petitioner's PCR petition thus ceased to be pending before the state courts, at the latest, when he failed to file a petition for certification within twenty days of the Appellate Divisions' decision. *See* N.J. Court R. 2:12-3 (requiring that an appellant seeking review of a final decision of the Appellate Division file notice of petition for certification within twenty days). Thus, the remaining two hundred and ninety six days of Petitioner's one year limitations period resumed running by May 5, 2016, and Petitioner's

> limitation period had thus expired as of February 25, 2017. Because Petitioner did not file his current habeas petition until August 28, 2017 (*see* ECF No. 1), more than six months later, his current habeas petition would be time barred absent some basis for the equitable tolling of the statute of limitations.[]
>
> Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

(ECF No. 11 at 1-4, paragraph numbers omitted).

6. Petitioner thereafter filed a response to the order to show cause. (ECF No. 12). In his response, Petitioner did not assert that he had filed a petition for certification on appeal from the denial of his PCR petition. (*Id.*).

7. On April 23, 2018, this Court entered a final memorandum order and opinion dismissing Petitioner's habeas petition with prejudice as time barred. (ECF Nos. 13-14). As this Court explained at that time, Petitioner had failed to dispute the above quoted procedural history, and had failed to show any basis for equitable tolling, and as such his habeas petition was time barred by at some six months. (ECF No. 13).

8. On May 1, 2018, Petitioner filed with this Court a motion for reconsideration of the dismissal of his habeas petition. (ECF No. 15). In his motion, Petitioner argues, for the first time, that after the affirmance of the denial of his PCR petition by the Appellate Division in April 2016, he filed "a pro[] se[] notice of petition for certification to the Supreme Court of New Jersey" on May 13, 2016. (ECF No. 15 at 4). Petitioner further states that the Supreme Court received his petition on May 18, 2016, and "denied [the petition] because it was said to be [filed] out of time

and could not be filed." (*Id.*). Although Petitioner states that he thereafter filed a motion to have his notice considered as filed within time on June 24, 2016, Petitioner states that he does not know the outcome of that motion, but he is certain that "the denial date . . . was after June 24, 2016." On this basis, Petitioner asserts that he should not be time barred.

      9. Whether brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or Local Civil Rule 7.1(i), the scope of a motion for reconsideration is extremely limited, and courts will grant such motions only sparingly. *Delanoy v. Twp. Of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions). In the reconsideration context, a manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order, and courts should only grant such a motion where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235106 at *2.

10. Preliminarily, the Court notes that Petitioner's entire argument for reconsideration is based upon facts which were available to him prior to the filing of the order dismissing his habeas petition, but which he failed to present in responding to the Court's order to show cause. Petitioner thus presents no intervening change in controlling law nor any new evidence that was unavailable at the time he responded to the Court's order. He can therefore only show an entitlement to reconsideration by showing that the Court's dismissal of his case presents a "clear error of law or fact" or a "manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 ; *see also Blystone*, 664 F.3d at 415.

11. Petitioner's entire argument rests upon his assertion that he did, albeit untimely, file a petition for certification, and that he should be entitled to more statutory tolling than the Court provided him. The problem with Petitioner's argument, however, is that statutory tolling only applies to the time during which a Petitioner's PCR and appeals therefrom are actually properly filed and pending before the state courts. *Jenkins*, 705 F.3d at 85. A state PCR petition remains pending while it is actively in front of the state courts and throughout the "time during which a [timely] appeal could be filed even if the appeal is not eventually filed." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). Unfortunately for Petitioner, a state court filing will only support statutory tolling where it is "properly filed" – that is, filed in accordance with the applicable rules and laws of the state courts including "time limits, no matter their form." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Petitioner directly informs the Court that his pro se petition for certification was denied as untimely filed. That petition, which was filed out of time, thus provides no basis for additional equitable tolling as it was not "properly filed" before the New Jersey Supreme Court. That Petitioner later filed a motion for reconsideration of his petition as if filed within time would only have a bearing on the question of statutory tolling were the New Jersey

Supreme Court to have actually granted his motion and permitted his petition to be considered as if filed within time.  Petitioner, however, does not state that this occurred.  He states only that his motion was "filed in June 24, 2016," that it may have been granted or denied, but that its denial must have occurred after June 24, 2016.  Petitioner has thus not shown that his petition for certification was ever accepted as filed within time, and thus has failed to show that he ever had a properly filed petition for certification pending before the state courts during his PCR appeals.  Without such a showing, he is not entitled to additional statutory tolling.  Thus, even had Petitioner submitted this current information, he has failed to show that he is entitled to statutory tolling for the period between May 5, 2016, when his limitations period otherwise began to run once again, and June 24, 2016, when he filed a late motion to have his already dismissed petition for certification ruled upon as if filed within time.[1]  Petitioner's habeas petition thus remains time barred by six months, and Petitioner has presented no valid basis for reconsideration.

12. In conclusion, Petitioner's motion for reconsideration is DENIED.  An appropriate order follows.

Dated: May 10, 2018                             *s/ Susan D. Wigenton*
                                                Hon. Susan D. Wigenton,
                                                United States District Judge

---

[1] Because Petitioner's habeas petition was filed some six months after his limitations period expired, his petition would still be untimely by several months if he had tolling during this period.