# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABBIJIAL LAMONT SLOAN, | Civil Action No. 17-6457 (SDW) |
| Petitioner, | |
| v. | OPINION |
| STEVEN JOHNSON, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Abbijial Lamont Sloan's motion for relief from both this Court's dismissal of his habeas petition as time barred and denial of his motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 60(b)(1). (ECF No. 19). For the following reasons, this Court will deny Petitioner's motion.

## I. BACKGROUND

As Petitioner's current motion is largely concerned with this Court's rulings dismissing his habeas petition as time barred, only a brief recitation of the procedural history of Petitioner's underlying criminal proceedings is necessary for the purposes of this opinion. As this Court previously recounted,

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *See See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most instances, including this matter, that one year limitations period begins to run on the date that the petitioner's judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review, including the 90-day period for filing a petition for a writ of certiorari in the United States

> Supreme Court. *Ross*, 712 F.3d at 798; *Jenkins*, 705 F.3d 84; *see also* 28 U.S.C. § 2244(d)(1)(A).
>
> In this matter, Petitioner was convicted and sentenced in January 2011. (ECF No. 10 at 1). He appealed his sentence, and the Superior Court of New Jersey – Appellate Division affirmed his conviction and sentence by way of an opinion issued on December 12, 2012. *See State v. Sloan*, 2012 WL 6571097 (N.J. Sup. Ct. App. Div. Dec. 12, 2012). Petitioner then filed a petition for certification, which the New Jersey Supreme Court denied on June 28, 2013. *See State v. Sloan*, 214 N.J. 118 (2013). As Petitioner did not file a petition for certiorari,[] his conviction thus became final ninety days later on September 26, 2013. Petitioner's one year limitations period thus started to run as of that date, and ordinarily would have expired one year later on September 26, 2014.
>
> The one year statute of limitations applicable to § 2254 petitions, however, is subject to statutory tolling which automatically arrests the running of the limitations while the petitioner has a properly filed petition for post-conviction relief (PCR) pending in the state courts. *Jenkins*, 705 F.3d at 85 (quoting 28 U.S.C. § 22254(d)(2)). According to Petitioner, he filed his PCR petition on December 4, 2013, after only sixty-nine days of his one year limitations period had elapsed. (ECF No. 10 at 4). That petition was denied by the trial-level PCR court on June 20, 2014. (*Id.* at 13). Petitioner appealed, and the Appellate Division affirmed the denial of his PCR petition on April 15, 2016. *See State v. Sloan*, 2016 WL 1466606 (N.J. Sup. Ct. App. Div. Apr. 15, 2016). Petitioner did not file a petition for certification as to his PCR petition. Petitioner's PCR petition thus ceased to be pending before the state courts, at the latest, when he failed to file a petition for certification within twenty days of the Appellate Divisions' decision. *See* N.J. Court R. 2:12-3 (requiring that an appellant seeking review of a final decision of the Appellate Division file notice of petition for certification within twenty days).

(ECF No. 11 at 1-4, paragraph numbers omitted).

According to information Petitioner provided in his motion for reconsideration, Petitioner thereafter filed an untimely petition for certification, which was denied as filed out of time in May 2016. (ECF No. 15 at 4). Petitioner, however, later filed a request to be permitted to file another petition for certification as within time, which he now belatedly informs the Court was granted on

June 21, 2016. (*See* ECF No. 19 at 5). Petitioner also belatedly informs the Court in his current Rule 60(b) motion that this petition for certification was ultimately denied by the New Jersey Supreme Court "on October 19, 2016." (ECF No. 19 at 20).

## II. DISCUSSION

### A. Legal Standard

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and that legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.* Pursuant to Rule 60(b)(1), a district court may "relieve a party from a final judgment on the basis of demonstrated 'mistake, inadvertence, surprise, or excusable neglect.'" *United States v. Moya*, 118 F. App'x 666, 667-68 (3d Cir. 2005).

### B. Analysis

Petitioner argues that he should be granted relief from this Court's dismissal of his habeas petition with prejudice as time barred because he inadvertently failed to inform the Court as to the

full procedural history of his PCR appeals in his response to this Court's Order to Show Cause. Even if this Court were inclined to accept petitioner's suggestion that his failure to earlier provide the information he has now presented was a simple mistake warranting potential relief, he would still not be entitled to relief from this Court's dismissal of his habeas petition because Petitioner's habeas petition is time barred notwithstanding the new information Petitioner has provided.

As summarized above, Petitioner's conviction became final and his one year limitations period began to run on September 26, 2013. Sixty-nine days of his one year limitations period expired before Petitioner filed his PCR petition on December 4, 2013. Petitioner's limitations period was thereafter statutorily tolled until he failed to timely file a petition for certification by May 5, 2016. Because statutory tolling only applies while the petitioner has a "properly filed" PCR petition pending in the state courts, and because a PCR appeal is only "properly filed" where it complies with all of the state courts' time limitations, Petitioner's PCR appeal ceased to be pending when he failed to timely file his petition for certification, and his one year limitations period began to run again on May 5, 2016. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Petitioner's filing of a late petition which was denied as untimely filed in mid-May 2016 did not further arrest the running of the limitations period. *Id.* Forty-seven more days of Petitioner's one year limitations period thus expired before his PCR petition once again became pending when the New Jersey Supreme Court granted his motion to file a late petition for certification as within time on June 21, 2016. Petitioner's PCR petition thereafter remained pending until his petition for certification was denied, which he now asserts occurred on October 19, 2016. Petitioner's one year limitations period thereafter resumed running on October 19, 2016, and expired when the two-hundred and forty-nine day remainder of his one year period elapsed on June 25, 2017. Petitioner's one year limitations period thus elapsed some two months before Petitioner filed his

original habeas petition by handing it over to be mailed on August 28, 2017. (ECF No. 1 at 1). Thus, even taking into account the new information which Petitioner claims he inadvertently failed to provide in his previous filings, Petitioner's habeas petition would still be time barred by more than two months absent equitable tolling.[1]

As previously explained to Petitioner,

> Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

(ECF No. 11 at 4). As in his previous filings, Petitioner has utterly failed to provide the Court with any basis for equitable tolling in his Rule 60(b) motion, and this Court perceives no such basis for more than two months of equitable tolling based on any of Petitioner's numerous filings in this matter. As Petitioner has failed to show he is entitled to equitable tolling, his habeas petition is clearly time barred by more than two months notwithstanding the new information Petitioner provides in his current motion. Because Petitioner's habeas petition is still clearly time barred, his allegedly inadvertent failure to provide this information sooner provides no basis for relief from this Court's prior judgments. Petitioner's motion for relief pursuant to Rule 60(b) is denied.

---

[1] The Court further notes that, even if this Court were to provide Petitioner equitable tolling for the period between the denial of his PCR appeal in April 2016 and the denial of certification in October 2016, relief to which Petitioner has failed to show any entitlement, his petition would still be time barred as his one year limitations period would still have expired by August 11, 2017, more than two weeks before he handed his petition over to be mailed.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Rule 60(b) motion (ECF No. 19) is DENIED. An appropriate order follows.

Dated: June 14, 2018 *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge